[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: WHETHER PLAINTIFF HAS THE BURDEN UNDER C.G.S. § 47A-27,TO PROVE THAT THE DEFENDANT HAS A SUPERIOR TITLE OR RIGHT TO POSSESSION
The issue in this case is whether the statutory burdens of proof, set out in Connecticut General Statutes Sections 47a-23 and 47-27a, have been satisfied in a situation wherein the mortgagee proves its ownership but does not assume the burden of proving that a resident does not have a superior title.
On or about September 28, 1994, the Federal Home Loan Mortgage Corporation, now plaintiff herein, became owner of property at 500 Strong Street, East Haven, Connecticut, through a mortgage foreclosure action. Sometime on or before September 28, 1994, Mark Sergi, now defendant herein, entered into possession of the premises through a right given to him by the prior owners of the property.
Connecticut General Statutes Section 47a-23 sets out the requirements for a party to gain possession of property.[1]
Moreover, Conn. Gen. Stat. Sec. 47a-27[2] allows plaintiff, as a CT Page 2847 "Person driving title from the lessor . . .," to utilize the remedy available in Conn. Gen. Stat. Sec. 47a-23.
The plaintiff has proceeded under General Statutes Sec. 47a-23
by issuing a notice to quit, and filing the complaint seeking possession of the premises. The notice to quit asserts, pursuant to General Statutes Sec. 47a-23 (a)(3), as amended, that the defendant must vacate the premises because he is a person who ". . . originally had the right or privilege to occupy such premises but such right or privilege has terminated." In paragraph three of its complaint the plaintiff alleges that the defendant's rights to have possession of the premises have terminated because the plaintiff has foreclosed the ownership rights of the prior owners and is now the sole owner of the premises.
During the trial, the plaintiff introduced into evidence the mortgage for the premises, the assignment of the mortgage, and its certificate of foreclosure showing the vesting of title in plaintiff's name. Under Conn. Gen. Stat. Sec. 47a-27, the plaintiff has a right to a summary process remedy "unless the defendant can show superior title in himself."
Deriving the meaning of statutes is facilitated through the application of canons of statutory construction. Indeed, the Connecticut Supreme Court in Oller v. Oller-Chiang, 230 Conn. 828,848 (1994) stated that "[i]n interpreting language of a statute, words must be given their plain and ordinary meaning. . . ." In fact, the "[p]lain meaning of [a] statute is [a] point beyond which [the] court need not venture[,]" Bridgeport Hydraulic Co. v.Department of Public Utility Control, 42 Conn. Sup. 217, 225
(1991). Furthermore, the "[s]tatute must be applied as its words direct." State v. Grant, 33 Conn. App. 133, 140 (1993).
The defendant argues that the plaintiff has the burden of proving that he does not have a superior right of possession through for example a written or oral lease with the prior owner. The plaintiff argues that the plain and ordinary meaning of the statutory phrase ". . . unless the defendant can show a superior title in himself" (emphasis added) places the burden solely on the defendant to prove that he has a superior right which entitles him to remain in possession. Webster's Third New International Dictionary lists the following definitions, among others, for the word "show;" "to set forth in a statement, account or description;" "assert, declare;" "allege, plead, present. . . ." Accordingly, this court finds that the plain and ordinary meaning of the phrase ". . . CT Page 2848 unless the defendant can show a superior title in himself," set out in Conn. Gen. Stat. Sec. 47a-27, imposes upon the defendant and not the plaintiff the burden to assert, declare, present and prove a superior right to possession of the premises.
The plaintiff takes the further position that Rule 164 of the Civil Court Rules of the Superior Court imposes upon the defendant the burden of asserting and proving a superior right to possession. Rule 164 states in pertinent part the following:
The Answer-Denials; Special defenses
 No facts may be proved under either a general or special denial except as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged.
The plaintiff maintains that the defendant's claim of the presence of a superior right, or his claim that the plaintiff has not proved the absence of a superior right in himself, calls for the proof of facts which are consistent with the factual allegations of her complaint but which would show, notwithstanding, the absence of a cause of action. The plaintiff argues further that the pleading which would raise such facts is a Special Defense, which the defendant has not presented. The Court agrees that Rule 164 requires the defendant, and not the plaintiff to prove his title or superior right by way of a special defense. No such special defense was pled in this case.
For the foregoing reasons, the Court finds that the plaintiff has met its burden of proof in this summary process case. Judgment hereby enters for the plaintiff.
Clarance J. Jones, Judge